UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| KENNY GROUP LLC dba<br>AMERICAN BEST VALUE INN & SUITES,<br><br>    Plaintiff,<br><br>v.<br><br>MT. HAWLEY INSURANCE CO.<br><br>    Defendant. | §§§§§§§§§§§<br><br>CIVIL ACTION NO. 3:19-cv-00337 |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant Mt. Hawley Insurance Company ("Mt. Hawley") files this Notice of Removal of this action from the 405th Judicial District Court of Galveston County, Texas to the United States District Court for the Southern District of Texas, Galveston Division, the district and division in which the 405th Judicial District is located. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1441 and 1446. In support hereof, Mt. Hawley respectfully shows this Court as follows:

1. On September 12, 2019, Kenny Group LLC dba American Best Value Inn & Suites ("Plaintiff") commenced an action against Mt. Hawley in the 405th Judicial District Court, Galveston County, Texas, entitled *Kenny Group LLC dba American Best Value Inn & Suites v. Mt. Hawley Insurance Company*, pending as Case No. 19-CV-1728 (the "State Court Case"). *See* **Exhibit B-1**.

2. On September 16, 2019 Mt. Hawley was served with Plaintiff's Original Petition ("Petition") in the State Court Case. *See* **Exhibit C**. As such, removal is timely because thirty (30) days have not elapsed since Mt. Hawley first received the Petition, as required by 28 U.S.C. § 1446(b).

3. On October 3, 2019, Mt. Hawley timely filed its Answer and Affirmative Defenses in the State Court Case. *See* **Exhibit B-2**.

4. A copy of this Notice of Removal and a notice of the filing thereof will be filed in the State Court Case. A copy of this Notice of Removal will also be served on Plaintiff.

5. In accordance with Local Rule 81, and as otherwise required under federal case law relating to demonstrating diversity jurisdiction for limited liability companies such as Plaintiff, attached hereto are the following documents:

**Exhibit A**   An index of matters being filed;

**Exhibit B**   All pleadings asserting causes of action and answers thereto;

**Exhibit C**   All executed process in the State Court Case;

**Exhibit D**   The State Court Case docket sheet;[1]

**Exhibit E**   List of all counsel of record and contact information;

**Exhibit F**   Plaintiff's Notice of Non-Suit With Prejudice of Defendants Engle Martin & Associates and David Eckenrode, filed in the State Court Case; and

**Exhibit G**   Mt. Hawley's August 16, 2019 § 542A.006(b) correspondence

6. Plaintiff has requested trial by jury in the State Court Case.

7. Mt. Hawley has filed contemporaneously herewith a civil cover sheet.

## GROUND FOR REMOVAL: DIVERSITY

8. This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332 in that this is a civil action between citizens of different states where the matter in controversy exceeds $75,000.

---

[1] As of the filing of this Notice of Removal, there were no orders signed by the judge in the State Court Case. *See* LR 81.4.

A. **The amount in controversy exceeds the minimum jurisdictional requirements.**

9. Plaintiff's Petition alleges the right to recover over $1,000,000 in damages. *See* **Ex. B-1**, p. 5. As such, the required $75,000 minimum amount in controversy is met in this case. 28 USC § 1332(a).

B. **There is complete diversity between Plaintiff and Mt. Hawley.**

10. Under the diversity statute, a corporation "shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business...." 28 U.S.C. § 1332(c)(1); *MidCap Media Finance, L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019). For purposes of federal diversity jurisdiction, a limited liability company is a citizen of any state of which a member of the company is a citizen. *Id.* As set forth below, there is complete diversity between Plaintiff and Mt. Hawley, the only remaining defendant in the State Court Case.

11. Plaintiff is a limited liability company organized in Texas. The members of Plaintiff are Jingesh Patel, Sanjay Patel, Kirit Patel, Vipul Patel, and Jay Hajari, who all reside in Houston, Texas and are all citizens of Texas. As such, Plaintiff is a citizen only of the State of Texas for purposes of determining federal diversity jurisdiction. *MidCap Media Finance, L.L.C.*, 929 F.3d at 314.

12. Engle Martin & Associates and David Eckenrode were originally defendants in the State Court Case. However, on September 18, 2019, Plaintiff voluntarily non-suited both former parties with prejudice pursuant to Texas Rule of Civil Procedure 162.[2] *See* **Exhibits D, F**. Accordingly, because they are no longer parties to this case, the citizenship of neither Engle

---

[2] A notice of non-suit filed under Rule 162 "terminates a case from the moment the motion is filed." *Epps v. Fowler*, 351 S.W.3d 862, 868 (Tex. 2011).

Martin & Associates nor David Eckenrode is relevant to the determination of diversity jurisdiction in this case.[3]

13. Defendant Mt. Hawley is a corporation organized under the laws of the State of Illinois, with its principal place of business in Illinois. Accordingly, Mt. Hawley is a citizen of the State of Illinois for purposes of determining diversity jurisdiction. 28 U.S.C. § 1332(c)(1).

14. For all of these reasons, complete diversity exists in this case and removal is proper because Plaintiff is a citizen of the State of Texas and Mt. Hawley is a citizen of the State of Illinois.

WHEREFORE, Defendant Mt. Hawley Insurance Company prays that the above-described action now pending in the 405th Judicial District in Galveston County, Texas, be removed to this Court, and that the Court grant it such further relief to which it has shown itself entitled.

Respectfully submitted,

/s/Greg K. Winslett
GREG K. WINSLETT
State Bar No. 21781900
MICHAEL D. FEILER
State Bar No. 24055475
**QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100
(214) 871-2111 (Fax)
gwinslett@qslwm.com
mfeiler@qslwm.com

---

[3] In addition, on August 16, 2019, before Plaintiff filed its Original Petition in the State Court Case, Mt. Hawley accepted any liability of Mr. Eckenrode and Engle Martin & Associates. A true and correct copy of Mt. Hawley's August 16, 2019 correspondence is attached hereto as **Exhibit G**. Pursuant to Chapter 542A.006(b) of the Texas Insurance Code, Mt. Hawley's acceptance of their liability negated any causes of action Plaintiff might have had against Mr. Eckenrode or Engle Martin & Associates. As such, the joinder of Mr. Eckenrode and Engle Martin & Associates as defendants in the State Court Case was improper, and this case is removable under the Court's diversity jurisdiction. *See* Tex. Ins. Code § 542A.006(b); *see also Vyas v. Atain Spec. Ins. Co.*, 380 F. Supp. 3d 609, 613 (S.D. Tex. 2019).

ATTORNEYS FOR MT. HAWLEY
INSURANCE COMPANY

### CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing instrument is being served upon counsel for Plaintiff, via certified mail, return receipt requested, in accordance with the Federal Rules of Civil Procedure, on this 11th day of October 2019, as follows:

Marco D. Flores
Texas State Bar No. 24027251
FLORES & PELAEZ-PRADA, PLLC
3522 Paesano's Parkway, Suite 301
San Antonio, TX 78231
(210) 693-1312 (Facsimile)
mflores@stormlex.com

*/s/ Michael D. Feiler*
Michael D. Feiler