# Exhibit A

405TH JUDICIAL DISTRICT COURT
GALVESTON COUNTY, TEXAS

| | | |
|---|---|---|
| KENNY GROUP LLC dba AMERICAN BEST VALUE INN & SUITES, | § § § | |
| Plaintiff, | § § | |
| v. | § § | NO. No. 19-CV-1728 |
| MT. HAWLEY INSURANCE CO. | § § § | |
| Defendant. | § § | |

## EXHIBIT A

## INDEX OF EXHIBITS

| No. | Date Filed Or Entered | Document |
|-----|-----------------------|----------|
| A | NA | Index of matters being filed |
| B-1 | 9/12/2019 | Plaintiff's Original Petition (State Court Case) |
| B-2 | 10/3/2019 | Defendant's Original Answer and Affirmative Defenses (State Court Case) |
| C | 9/16/2019 | Service of Process on Defendant (State Court Case) |
| D | NA | State Court Docket Sheet (State Court Case) |
| E | NA | List of all counsel of record and contact information |
| F | 9/18/2019 | Plaintiff's Notice of Non-Suit With Prejudice of Defendants Engle Martin & Associates and David Eckenrode, (State Court Case) |
| G | 8/16/2019 | Mt. Hawley's §542A.006(b) Correspondence |

# Exhibit B-1

Filed: 9/12/2019 2:26 PM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 36759657
By: Rolande Kain
9/12/2019 4:53 PM

CAUSE NO. 19-CV-1728 _____

| | | |
|---|---|---|
| **KENNY GROUP LLC dba** | § | **IN THE DISTRICT COURT** |
| **AMERICAN BEST VALUE INN & SUITES** | § | |
| *Plaintiff,* | § | Galveston County - 405th District Court |
| | § | |
| **VS.** | § | **___TH JUDICIAL DISTRICT** |
| | § | |
| **MT. HAWLEY INSURANCE CO.,** | § | |
| **ENGLE MARTIN & ASSOCIATES,** | § | |
| **and DAVID   ECKENRODE** | § | |
| *Defendants.* | § | **GALVESTON COUNTY, TEXAS** |

---

### PLAINTIFF'S ORIGINAL PETITION

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

KENNY GROUP LLC dba AMERICAN BEST VALUE INN & SUITES ("Plaintiff"), Plaintiff herein, files this Original Petition against Defendants MT. HAWLEY INSURANCE CO., ENGLE MARTIN AND ASSOCIATES, INC., and DAVID ECKENRODE ("MT HAWLEY", "ENGLE MARTIN", "ECKENRODE", or "Defendants") and, in support of its causes of action, would respectfully show the Court the following:

### I.   DISCOVERY CONTROL PLAN

Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### II. THE PARTIES

Plaintiff, KENNY GROUP LLC dba AMERICAN BEST VALUE INN & SUITES owns property made the basis of this lawsuit in Galveston County, Texas. Said property is located at 5201 Gulf Freeway, La Marque, Texas 77568.

1

Status Conference Set For 12-5-19

Defendant, MT. HAWLEY INSURANCE CO. ("MT. HAWLEY") is a foreign insurance entity, and is authorized to conduct insurance business in Texas through its third-party administrators, syndicates, and/or cover holders, and may be served with process upon its President, Michael J. Stone, as directed by the Policy, via registered or certified mail, return receipt requested, to Mt. Hawley Insurance Company's usual place of business located at 9025 N. Lindbergh Drive, Peoria, IL 61615.

Defendant, ENGLE MARTIN AND ASSOCIATES, INC. ("ENGLE MARTIN") is an adjusting service, authorized to conduct business in Texas. It may be served with process via registered or certified mail, return receipt requested, upon the office of the Texas Commissioner of Insurance, located at 333 Guadalupe St., 13th Floor, Austin TX 78701, or at its place of business located at 955 N. Resler Drive, Suite 104-144, El Paso TX 79912.

Defendant, DAVID ECKENRODE ("ECKENRODE"), is an individual who is engaged in the business of adjusting insurance claims in the State of Texas. Per ECKENRODE's registration with the Texas Department of Insurance, this adjuster has designated Texas as his home state on his license. This Defendant may be served with process by a process server at his registered place of business, located at 17304 Preston Rd, Suite 975, Dallas, Texas 75252.

### III. CLAIMS FOR RELIEF

As required by Rule 47 Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff currently seeks monetary relief over $1,000,000.00. A jury, however, will ultimately determine the amount of monetary relief actually awarded. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate and attorney's fees.

2

## IV. JURISDICTION AND VENUE

The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Plaintiff reserves the right to amend their petition during and/or after the discovery process or whenever circumstances dictate.

This Court has jurisdiction over Defendant MT. HAWLEY because this Defendant engages in the business of insurance in the State of Texas by issuing policies to insureds in the State of Texas. Further, Plaintiff's causes of action arise out of this Defendant's business activities in the State of Texas. Plaintiff would also show that Defendant MT. HAWLEY has continuous and systematic contacts with the State of Texas sufficient to establish general jurisdiction over said Defendant. Plaintiff would also show that the cause of action arose from or relates to the contacts of Defendant MT. HAWLEY to the State of Texas, thereby conferring specific jurisdiction with respect to this Defendant.

Furthermore, Plaintiff would also show that Defendant MT. HAWLEY engaged in activities constituting business in the State of Texas as provided by Section 17.042 of the Texas Civil Practices and Remedies Code, in that said Defendant contracted with a Texas resident and performance of the agreement in whole or in part thereof was to occur in Texas, committed a tort in Texas, and recruits or has recruited Texas residents for employment inside or outside the state. Further, Plaintiff's causes of action arise out of this Defendant's business activities in Texas.

This Court has jurisdiction over Defendant ENGLE MARTIN because this Defendant engages in the business of insurance in the State of Texas by adjusting insurance claims in the State of Texas. Further, Plaintiff's causes of action arise out of this Defendant's business activities in the State of Texas.

This Court has jurisdiction over Defendant DAVID ECKENRODE ("ECKENRODE")

3

because Plaintiff's causes of action arise out of this Defendant's business activities in the State of Texas. Further, ECKENRODE's independent actions create individual liability pursuant to TEX. INS. CODE §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, adjuster or life and health insurance counselor." TEX. INS. CODE §541.002(2). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding a company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability)). The facts supporting the individual liability causes of action against ECKENRODE are listed out in detail starting on Page 6.

Venue is proper in Galveston County because all or a substantial part of the events or omissions giving rise to the claim occurred in Galveston County. TEX. CIV. PRAC & REM CODE § 15.002(a)(1). In particular, the loss at issue occurred in Galveston County. Defendants engage in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action arise out of these Defendants' business activities in the State of Texas.

## V. FACTUAL BACKGROUND

Plaintiff is a named insured under a property insurance policy issued by MT. HAWLEY which covers the property at issue during the date(s) of loss which are the subject of this lawsuit.

Upon information and belief, on or about August 27 and 28, 2017, or during another time within the policy periods, storms hit the Galveston County Texas area, damaging Plaintiff's property and other properties. Plaintiff timely filed a claim on its insurance policy seeking benefits

4

for covered damages. Plaintiff is alleging storm-related damages to the insured property that was either overlooked or ignored by Defendants.

Upon information and belief, DAVID ECKENRODE ("ECKENRODE"), at the request of MT. HAWLEY, inspected Plaintiff's property. ECKENRODE actively participated in the investigation of Plaintiff's claim, wherein he was responsible for making decisions on coverage payment, or non-payment in this case, of this claim.

On or about September 12, 2017, ECKENRODE visited Plaintiff's Property and attempted to conduct an inspection, but ECKENRODE was unable or unwilling to perform or complete a reasonable inspection of the Property. Despite evident damage to Plaintiff's property resulting from Hurricane Harvey and related storms, ECKENRODE found no covered damage. Furthermore, after multiple inspections of the property, including by engineers, Defendants released a letter on April 29, 2019 stating that MT. HAWLEY'S coverage position was that "No damage associated with wind or hail was found." Upon information and belief, ECKENRODE was improperly trained and failed to perform a thorough investigation of Plaintiff's Hail and/or Wind Damage Property claim.

The adjuster assigned to the claim, ECKENRODE, conducted a substandard investigation and inspection of the property, prepared a report that failed to include any of the damages that were apparent during the inspection. As a result, this unreasonable investigation led to the wrongful denial of Plaintiff's claim.

Plaintiff alleges the actual covered damage to the Property as a result of the Storm exceeds the sum of $1,000,000.00 , which is continuing to increase each day that Defendants fail and refuse to pay the Plaintiff's claim due to increases in the costs of labor and materials. Upon information

and belief, ECKENRODE'S unreasonable investigation in this case failed to include any of the damages listed in Plaintiff's Expert Report that Plaintiff alleges were storm-related.

**Individual Acts of DAVID ECKENRODE Conferring Individual Liability**

The following paragraphs contain allegations of ECKENRODE'S individual acts that make him individually liable to Plaintiff for the losses and damages sustained by Plaintiff as a direct, producing and proximate cause of the acts of omission and commission for which Plaintiff here now sues for the recovery of monetary damages within the jurisdictional limits of this Court against these Defendants.

1. Upon information and belief, Defendant ECKENRODE was negligent in violating MT. HAWLEY's written policies as they relate to claims handling practices by failing to fully investigate and document all damage to Plaintiff's insured Property. Additionally, based upon information and belief and the independent acts and practices actually employed by Defendant ECKENRODE, he held a personal bias in favor of insurance companies and prejudice against insurance claimants generally, and more specifically towards Plaintiff herein. These acts and practices produced and proximately caused the damages and losses sustained herein by Plaintiff resulting in the denial of Plaintiff's claim.

2. Upon information and belief, ECKENRODE's investigation and inspection for damages to the Plaintiff's Commercial Property was for an insufficient time period to perform an adequate assessment of the damage to this Property based on its size and complexity.

3. Due to lack of experience, training, and interest in properly adjusting this claim, ECKENRODE failed to and/or refused to notice blatantly visible storm-related damages to Plaintiff's property, including but not limited to the roofs on numerous buildings insured by the Defendant.

6

4. ECKENRODE refused to and did not inspect for hidden or latent damage resulting to Plaintiff's Property that is customarily found to exist on property that has gone through hail and wind storms of the severity of that which occurred in Galveston County over the past year.

5. ECKENRODE failed and refused to include the usual and customary charges for costs of materials, supplies, labor and contractor's overhead and profit charged by contractors in the Galveston County area for the repair, replacement and restoration of the Plaintiff's Property damaged by the Storm.

6. Upon information and belief, ECKENRODE, during his investigation of the Plaintiff's claim, failed to include any damages sustained to the Property by the Storm, thus submitting an inaccurate and false report of Plaintiff's covered Storm Property losses to Defendant MT. HAWLEY.

7. ECKENRODE's failure to notice the obvious hail and/or wind damage to Plaintiff's property is evidence that he did not conduct a reasonable investigation and that he adjusted Plaintiff's claim in bad faith.   Plaintiff alleges that ECKENRODE's conduct was knowingly and intentionally.

## VI. CAUSES OF ACTION

Each of the foregoing paragraphs is incorporated by reference in the following:

Defendant MT. HAWLEY is liable to Plaintiff for breach of contract, as well as violations of the Texas Insurance Code and Deceptive Trade Practices Act; and breach of the common-law duty of good faith and fair dealing.

7

### A. Breach of Contract

MT. HAWLEY had a contract of insurance with Plaintiff. MT. HAWLEY breached the terms of that contract by wrongfully denying the claim and Plaintiff was damaged thereby.

### B. Prompt Payment of Claims Statute

The failure of MT. HAWLEY to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Section 542.051 *et seq.* of the Texas Insurance Code.  To this date, Plaintiff has yet to be compensated for its covered damages under policy.  Plaintiff, therefore, in addition to Plaintiff's claim for damages, is entitled to 10% interest and attorneys' fees as set forth in Section 542A of the Texas Insurance Code.

### C. Bad Faith/Deceptive Trade Practices Act ("DTPA")

Defendant MT. HAWLEY is required to comply with Chapter 541 of the Texas Insurance Code.

Defendant violated Section 541.051 of the Texas Insurance Code by:

(1) making statements misrepresenting the terms and/or benefits of the policy.

Defendant violated Section 541.060 by:

(1)  misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

(2)  failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

(3)  failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

8

(4)  failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or

submit a reservation of rights to Plaintiff; and

(5)  refusing to pay the claim without conducting a reasonable investigation with respect

to the claim;

Defendant violated Section 541.061 by:

(1)  making an untrue statement of material fact;

(2)  failing to state a material fact necessary to make other statements made not

misleading considering the circumstances under which the statements were made; (3)

making a statement in a manner that would mislead a reasonably prudent person to a false

conclusion of a material fact;

(4)  making a material misstatement of law; and

(5)  failing to disclose a matter required by law to be disclosed.

At all material times hereto, Plaintiff was a consumer who purchased insurance products

and services from Defendant.  Defendants violated the Texas DTPA in the following respects:

(1)  Defendants represented that the agreement confers or involves rights, remedies, or

obligations which it does not have, or involve, or which are prohibited by law;

(2)  MT. HAWLEY failed to disclose information concerning goods or services which

was known at the time of the transaction when such failure to disclose such information

was intended to induce the consumer into a transaction that the consumer would not have

entered into had the information been disclosed;

(3)  MT. HAWLEY, by accepting insurance premiums but refusing without a reasonable

basis to pay benefits due and owing, engaged in an unconscionable action or course of

action as prohibited by Section 17.50(a)(1)(3) of the DTPA in that MT. HAWLEY took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Texas Insurance Code.

Defendants knowingly committed the acts complained of. As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code Section 541.152(a)-(b).

### D. Breach of The Duty of Good Faith and Fair Dealing

Plaintiff repleads all of the material allegations above set forth previously and incorporates the same herein by this reference as if here set forth in full.

Defendant MT. HAWLEY'S conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insured in insurance contracts.

Defendant MT. HAWLEY'S failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, MT. HAWLEY knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

### E. Responsibility for Acts of Agents and Ratification of Acts

Defendant ECKENRODE, whose conduct is referenced herein and above, is an agent of MT. HAWLEY based upon his acts of commission and omission in the handling of Plaintiff's claim, including inspections, adjustments, and aiding in the adjustment of the loss for or on behalf of the insurer. TEX. INS. CODE §4001.051.

Separately, and/or in the alternative, as referenced and described above, MT. HAWLEY ratified the actions and conduct of ECKENRODE including the manner in which he discharged or failed to properly discharge his duties under the common law and applicable statutory laws and regulations.

### F.  Causes of Action Against Individual Adjuster DAVID ECKENRODE

Defendants assigned Defendant ECKENRODE to adjust the claim.  Defendant ECKENRODE was inadequately and improperly trained to handle claims of this nature and performed an unreasonable investigation of Plaintiff's damages.  During the investigation, ECKENRODE failed to properly assess Plaintiff's Storm damages and omitted properly covered damages from his reports and/or estimates of the damages, including all of Plaintiff's interior and exterior damages. As a result, Plaintiff's claim was effectively denied and they have suffered damages due to ECKENRODE's individual acts.

Plaintiff is pursuing individual causes of action against ECKENRODE pursuant to Section 541.002 (2) of the Texas Insurance Code wherein an adjuster is defined as a "person" subject to the requirements of the Texas Insurance Code.  As described previously under the FACTUAL BACKGROUND section of the Petition, ECKENRODE's own individual behavior and acts violate Sections 541.060 (a)(2)(A) and 541.060 (a)(7) of the Texas Insurance Code by engaging in unfair settlement practices.

As detailed in the FACTUAL BACKGROUND section of Plaintiff's Original Petition, ECKENRODE violated these sections of the Texas Insurance Code by failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear AND refusing to properly pay the claim without conducting a reasonable investigation with respect to the claim.

Defendant ECKENRODE failed to make an attempt to settle Plaintiff's claim in a fair manner, although he was aware of Defendant's liability to Plaintiff under the Policy. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

Defendant ECKENRODE failed to explain to Plaintiff the reasons for his denial recommendation. Specifically, Defendant ECKENRODE failed to offer Plaintiff adequate compensation without any explanation as to why payment was not being made. Furthermore, ECKENRODE did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. The unfair settlement practice of Defendant ECKENRODE as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

Defendant ECKENRODE did not properly inspect the Property and failed to account for many of Plaintiff's exterior and interior damages. Defendant ECKENRODE's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

Falsehoods and misrepresentations may be communicated by actions as well as by the spoken word; therefore, deceptive conduct is equivalent to a verbal representation. Defendant ECKENRODE's misrepresentations by means of deceptive conduct include, but are not limited

to: (1) failing to conduct a reasonable inspection and investigation of Plaintiff's damages; (2) stating that Plaintiff's property sustained no damage caused by wind or hail (3) using their own statements about the non-severity of the damage as a basis for denying properly covered damages damages; and (4) failing to provide an adequate explanation for the denial of coverage. Defendant ECKENRODE's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

## VII. DAMAGES

Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

As previously mentioned, the damages caused by the hailstorm and/or windstorm at issue have not been properly addressed or repaired in the months since the Storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of Defendants' mishandling of Plaintiff's claim in violation of the laws set forth above.

For breach of contract, Plaintiff is entitled to regain the benefit of its bargain, which is the amount of its claim, together with attorney's fees.

For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times their actual damages. TEX. INS. CODE §541.152.

13

For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of its claim, as well as ten (10%) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading.  Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

### VIII. CONDITIONS PRECEDENT

All conditions precedent to Plaintiff's right to recover have been fully performed, or have been waived by Defendant.

### IX. JURY DEMAND

Plaintiff hereby requests that all causes of action alleged herein be tried before a jury consisting of citizens residing in Galveston County, Texas.  Plaintiff hereby tenders the appropriate jury fee.

### X. PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that upon trial hereof, said Plaintiff has and recovers such sum as would reasonably and justly compensate it in accordance with the rules of law and procedure, as to actual damages, treble damages under the

14

Texas Insurance Code, and all punitive and exemplary damages as may be found.  In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on its behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which it is justly entitled to.

Respectfully submitted,

**FLORES & PELAEZ-PRADA, PLLC**

By: _____

MARCO D. FLORES
State Bar No. 24027251
mflores@stormlex.com
MANUEL PELAEZ-PRADA
State Bar No. 24027599
mpp@stormlex.com
3522 Paesano's Parkway, Suite 301
San Antonio, Texas 78231
210.361.0070 (Telephone)
210.693.1312 (Facsimile)

**ATTORNEYS FOR PLAINTIFF
KENNY GROUP LLC dba
AMERICAN BEST VALUE INN &
SUITES**

15

# Exhibit B-2

Filed: 10/3/2019 4:10 PM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 37369950
By: Lisa Kelly
10/3/2019 4:28 PM

CAUSE NO. 19-CV-1728

| | | |
|---|---|---|
| KENNY GROUP LLC dba | ) | |
| AMERICAN BEST VALUE INN | ) | IN THE DISTRICT COURT |
| & SUITES | ) | |
| *Plaintiff,* | ) | |
| | ) | 405th JUDICIAL DISTRICT |
| v. | ) | |
| | ) | |
| MT. HAWLEY INSURANCE CO., | ) | GALVESTON COUNTY, TEXAS |
| *Defendant.* | ) | |

## DEFENDANT'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Mt. Hawley Insurance Company, Defendant in the above-entitled and numbered cause, filing this Original Answer and Affirmative Defenses to Plaintiff's Original Petition, and would respectfully show the Court as follows:

### I. GENERAL DENIAL

Defendant denies all and singular the allegations contained in Plaintiff's Original Petition and hereby demands strict proof thereof.

### II. AFFIRMATIVE DEFENSES

***First Affirmative Defense***

The insurance policy on which Plaintiff sues (the "Policy") provides coverage, subject to all terms, conditions, limitations, and exclusions, for direct physical loss of or damage to Plaintiff's Covered Property caused by a Covered Cause of Loss during the Policy Period. *See* Policy, **BUILDING AND PERSONAL PROPERTY COVERAGE FORM, A**. Mt. Hawley's claim investigation revealed no direct physical loss of or damage to Plaintiff's Covered Property caused by or resulting from Hurricane Harvey. As such, there is no coverage for Plaintiff's claim.

### Second Affirmative Defense

The Policy does not cover interior water damage caused by rain unless the building first sustains damage to its roof or exterior from a Covered Cause of Loss through which the rain enters. *See* Policy, **CAUSES OF LOSS – SPECIAL FORM, C.1.c.(1)**. Mt. Hawley's claim investigation determined that Plaintiff's Property sustained no damage to the roofs or exterior walls resulting from Hurricane Harvey through which rain or water entered the Property. As such, there is no coverage under the Policy for any interior water damage.

### Third Affirmative Defense

Mt. Hawley's claim investigation revealed historical, ongoing roof leaks from failed roofing materials and components resulting from deficient installation and repairs, wear and tear, aging, and weathering of the roof. The Policy excludes such damage. *See* Policy, **CAUSES OF LOSS – SPECIAL FORM, B.2.d.**

### Fourth Affirmative Defense

Mt. Hawley's claim investigation revealed poor drainage damage on many of the roofs of Plaintiff's Property resulting in historical seepage or leakage of water, or the presence or condensation of humidity, moisture or vapor that occurs over a period of 14 days or more. The Policy excludes such damage. *See* Policy, **CAUSES OF LOSS – SPECIAL FORM, B.2.f.**

### Fifth Affirmative Defense

Mt. Hawley's claim investigation revealed maintenance-related damage to the roofs of Plaintiff's Property. The Policy excludes such damage. *See* Policy, **CAUSES OF LOSS – SPECIAL FORM, B.3.c.(1)-(4).**

*Sixth Affirmative Defense*

The Policy excludes damage caused directly or indirectly by, among other things, flood, whether driven by wind or not. *See* Policy, **CAUSES OF LOSS – SPECIAL FORM, B.1.g.(1)**. To the extent Plaintiff claims damage as a result of flooding from Hurricane Harvey, there is no coverage for such damage.

*Seventh Affirmative Defense*

The Policy excludes any increase in loss caused by or resulting from delay, including in repair or rebuilding. *See* Policy, **CAUSES OF LOSS – SPECIAL FORM, B.2.b**. There can be no coverage under the Policy for Plaintiff's contention of further damage to its Property resulting from its failure to repair any alleged storm damage.

*Eighth Affirmative Defense*

The Policy excludes damage from leaks or flows from plumbing and HVAC equipment in certain circumstances that apply in this case. *See* Policy, **CAUSES OF LOSS – SPECIAL FORM, B.2.g**.

*Ninth Affirmative Defense*

Plaintiff's claims are precluded by the Policy's suit limitations provision. *See* Policy, **COMMERCIAL PROPERTY CONDITIONS, D; WINDSTORM OR HAIL LOSS REPORTING LIMITATION ADDENDUM, 1-2**.

*Tenth Affirmative Defense*

The Policy only covers losses commencing during the policy period, November 15, 2016 to November 15, 2017. Mt. Hawley's investigation determined that damage to Plaintiff's Property occurred prior to the inception of the Policy. *See* Policy, **COMMERCIAL PROPERTY CONDITIONS, H.**

### *Eleventh Affirmative Defense*

Plaintiff admits it has not repaired or replaced any lost or damaged property since Hurricane Harvey.  The Policy excludes damage caused by the neglect of the insured to save and preserve the Property from further damage at and after the time of loss.  *See* Policy, **CAUSES OF LOSS – SPECIAL FORM, B.2.m.**

### *Twelfth Affirmative Defense*

Even assuming the existence of a covered loss, which Mt. Hawley expressly denies, Plaintiff is not entitled to Replacement Cost coverage under the Policy unless any purportedly lost or damaged property was actually repaired or replaced as soon as reasonably possible after Hurricane Harvey.  *See* Policy, **BUILDING AND PERSONAL PROPERTY COVERAGE FORM, G.3.d.**  Plaintiff admits that it has not made any repairs or replacements to the Property since Hurricane Harvey.  As such, any repairs or replacement of lost or damaged property were not made as soon as reasonably possible, and Plaintiff is not entitled to replacement costs.

### *Thirteenth Affirmative Defense – Exemplary Damages*

Mt. Hawley specifically denies that it acted with gross negligence or malice, or committed fraud.  Defendant may not be awarded exemplary damages under Chapter 41 of the Texas Civil Practice and Remedies Code unless it establishes by clear and convincing evidence that Mt. Hawley was grossly negligent, acted with malice, or committed fraud. See Tex. Civ. Prac. & Rem. Code § 41.003.  Additionally, in the unlikely event the Court submits an exemplary damages issue to the jury, Mt. Hawley requests that the jury be instructed consistent with the provisions of Chapter 41 of the Texas Civil Practice and Remedies Code.  See Tex. Civ. Prac. & Rem. Code § 41.012.  Finally, exemplary damages are subject to the limitations on any such award contained in Chapter 41.  See Tex. Civ. Prac. & Rem. Code §§ 41.007-41.008.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiff take nothing by its suit and that Defendant be awarded such other and further relief to which it is justly entitled.

Respectfully submitted,

*/s/ Greg K. Winslett*
GREG K. WINSLETT
State Bar No. 21781900
MICHAEL D. FEILER
State Bar No. 24055475
QUILLING, SELANDER, LOWNDS, WINSLETT
& MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Telefax)
gwinslett@qslwm.com
mfeiler@qslwm.com

**ATTORNEYS FOR DEFENDANT
MT. HAWLEY INSURANCE CO.**

## <u>CERTIFICATE OF SERVICE</u>

I certify that on the 3rd day of October 2019, a true and correct copy of the foregoing was served via TexFile, facsimile or U.S. Mail on all counsel of record pursuant to the Texas Rules of Civil Procedure:

Marco D. Flores
Manuel Pelaez-Prada
FLORES & PELAEZ-PRADA, PLLC
3522 Paesano's Parkway, Suite 301
San Antonio, TX 78231
mflores@stormlex.com
mpp@stormlex.com
210.693.1312 (Facsimile)
*Attorneys for Plaintiff Kenny Group LLC*
*dba American Best Value Inn & Suites*

/s/ Michael D. Feiler
MICHAEL D. FEILER

# Exhibit C

**CITATION BY CERTIFIED MAIL (TRC 106)**

JOHN D. KINARD
CLERK DISTRICT COURT
FILED

**THE STATE OF TEXAS**

SEP 23 2019 *10:58 AM*

Cause No: 19-CV-1728

405th District Court of Galveston County

GALVESTON COUNTY, TEXAS

KENNY GROUP LLC DBA BEST VALUE INN & SUITES VS. MT. HAWLEY INSURANCE CO., ET AL

BY_____
DEPUTY

TO: **MT. HAWLEY INSURANCE CO.**
President Michael J Stone
9025 N Lindbergh Drive
Peoria IL 61615

Defendant Greetings:

**NOTICE TO DEFENDANT:** "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 am on the Monday next following the expiration of 20 day after the date you were served this citation and petition, a default judgment may be taken against you." *TRCP. 99*

You are hereby commanded to appear by filing a written answer to the Plaintiff's Petition at or before 10:00 o'clock A.M. on the Monday next after the expiration of 20 days after the date of service of this citation before the **405th District Court of** Galveston County, at the Courthouse in said County in Galveston, Texas. Said written answer may be filed by mailing same to: District Clerk's Office, 600 59th Street, Suite 4001, Galveston, Texas 77551-2388. Said Plaintiff's **Original Petition - OCA** was filed in said court on the **12th day of September, 2019** in the above entitled cause.

The nature of Plaintiff's demand is fully shown by a true and correct copy of the petition accompany this citation and made a part hereof.

Issued and given under my hand and the seal of the Said Court at Galveston, Texas, on the **13th day of September, 2019.**

Issued at the request of
Marco D Flores
Flores & Pelaez-Prada PLLC
3522 Paesanos Parkway, Suite 301
San Antonio TX 78231

**John D. Kinard,** District Clerk
Galveston County, Texas

By_____
*Robin Gerhardt,*
Robin Gerhardt, Deputy

SEE ATTACHED FORM *NOTE: Status Conference set: 12/05/2019*

**CERTIFICATE OF DELIVERY BY CERTIFIED MAIL**

Came to hand on the **9/13/2019** at **3:00** o'clock P. M. and executed on the **16th** day of **Sept** , 20 **19** , at

_____ o'clock ___. M., by mailing the same to MT. HAWLEY INSURANCE CO., Defendant by **registered, certified mail with delivery Restricted to addressee only, return receipt requested,** a true copy of this citation with a copy of the petition were attached thereto.

**JOHN D. KINARD, District Clerk Galveston County, Texas**

Authorized Person

BY_____ , Deputy Clerk

| | |
|---|---|
| Service Fee: $ *75.00* | |
| **Certified Tracking Mail** No. 9414 7266 9904 2147 7998 59 | Place sticker here |
| | **Certified Article Number** 9414 7266 9904 2147 7998 59 **SENDER'S RECORD** |
| Signed for on *9-16-19* | Signed By *M. Stone* |

19 – CV – 1728
DCCICMR
Citation by Certified Mail and Return
1904114

This document was retrieved from the IDOCKET.COM web site.



USPS TRACKING #

9590 9266 9904 2147 7998 52

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

United States
Postal Service®

● Sender: Please print your name, address and ZIP+4® below ●

JOHN D KINARD
GALVESTON COUNTY DISTRICT CLERK
600 59TH STREET SUITE 400
PO BOX 17250
GALVESTON TX 77551-9900

FILED 2019 AUG 19 AM 9:58

Return Receipt (Form 3811) Barcode

9590 9266 9904 2147 7998 52

1. Article Addressed to:

MT. HAWLEY INSURANCE CO.
President Michael J Stone
9025 N Lindbergh Drive
Peoria, IL 61615

2. Certified Mail (Form 3800) Article Number

9414 7266 9904 2147 7998 59

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X M Stone                    ☐ Agent
                             ☐ Addressee

B. Received by (Printed Name)      C. Date of Delivery
M Stone                            9-16-19

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type:
☒ Certified Mail
☒ Certified Mail Restricted Delivery

Reference Information

Cause No: 19-CV-1728

Robin Gerhardt

PS Form 3811, Facsimile, July 2015                    Domestic Return Receipt

This document was retrieved from the IDOCKET.COM web site.

**CITATION BY CERTIFIED MAIL (TRC 106)**

**THE STATE OF TEXAS**

JOHN D. KINARD
CLERK DISTRICT COURT
FILED

SEP 2 3 2019 10:58AM

GALVESTON COUNTY, TEXAS

BY_____
                    DEPUTY

Cause No: 19-CV-1728

405th District Court of Galveston County

KENNY GROUP LLC DBA BEST VALUE INN & SUITES  VS. MT. HAWLEY INSURANCE CO., ET AL

TO: **MT. HAWLEY INSURANCE CO.**
    President Michael J Stone
    9025 N Lindbergh Drive
    Peoria IL 61615

Defendant Greetings:

| NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 am on the Monday next following the expiration of 20 day after the date you were served this citation and petition, a default judgment may be taken against you." *TRCP. 99* |
|---|

You are hereby commanded to appear by filing a written answer to the Plaintiff's Petition at or before 10:00 o'clock A.M. on the Monday next after the expiration of 20 days after the date of service of this citation before the **405th District Court of** Galveston County, at the Courthouse in said County in Galveston, Texas. Said written answer may be filed by mailing same to: District Clerk's Office, 600 59th Street, Suite 4001, Galveston, Texas 77551-2388. Said Plaintiff's **Original Petition - OCA** was filed in said court on the **12th day of September, 2019** in the above entitled cause.

The nature of Plaintiff's demand is fully shown by a true and correct copy of the petition accompany this citation and made a part hereof.

Issued and given under my hand and the seal of the Said Court at Galveston, Texas, on the **13th day of September, 2019.**

Issued at the request of
Marco D Flores
Flores & Pelaez-Prada PLLC
3522 Paesanos Parkway, Suite 301
San Antonio TX 78231

**John D. Kinard,** District Clerk
Galveston County, Texas

By: *Robin Gerhardt*
    Robin Gerhardt, Deputy

**SEE ATTACHED FORM    NOTE: Status Conference set: 12/05/2019**

**CERTIFICATE OF DELIVERY BY CERTIFIED MAIL**

Came to hand on the __9/13/2019__ at __3:00__ o'clock P. M. and executed on the __16th__ day of __Sept__, 20 __19__, at

_____ o'clock ____. M., by mailing the same to MT. HAWLEY INSURANCE CO., Defendant by **registered, certified mail with delivery Restricted to addressee only, return receipt requested**, a true copy of this citation with a copy of the petition were attached thereto.

**JOHN D. KINARD, District Clerk Galveston County, Texas**

Authorized Person

BY: *Waleem Pullen*, Deputy Clerk

| Service Fee: $ *75.00* | | |
|---|---|---|
| **Certified Tracking Mail**<br>No. 9414 7266 9904 2147 7998 59 | Place sticker here | **Certified Article Number**<br>9414 7266 9904 2147 7998 59<br>**SENDER'S RECORD** |
| Signed for on  *9-16-19* | Signed By: *M. Stone* | 19 – CV – 1728<br>DCCICMR<br>Citation by Certified Mail and Return<br>1904114 |

This document was retrieved from the IDOCKET.COM web site.



USPS TRACKING #

9590 9266 9904 2147 7998 52

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

United States
Postal Service®

● Sender: Please print your name, address and ZIP+4® below ●

JOHN D KINARD
GALVESTON COUNTY DISTRICT CLERK
600 59TH STREET SUITE 400
PO BOX 17250
GALVESTON TX 77551-9900

FILED 2019 SEP 23 AM 9:58

Return Receipt (Form 3811) Barcode

9590 9266 9904 2147 7998 52

COMPLETE THIS SECTION ON DELIVERY

A. Signature
x  M Stone                      ☐ Agent
                               ☐ Addressee
B. Received by (Printed Name)   C. Date of Delivery
M Stone                         9-16-19
D. Is delivery address different from Item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

1. Article Addressed to:

MT. HAWLEY INSURANCE CO.
President Michael J Stone
9025 N Lindbergh Drive
Peoria, IL 61615

3. Service Type:
☒ Certified Mail
☒ Certified Mail Restricted Delivery

Reference Information

Cause No: 19-CV-1728

Robin Gerhardt

2. Certified Mail (Form 3800) Article Number

9414 7266 9904 2147 7998 59

PS Form 3811, Facsimile, July 2015                    Domestic Return Receipt

This document was retrieved from the IDOCKET.COM web site.

# Exhibit D

## Case Information

19-CV-1728 | Kenny Group LLC dba Best Value Inn & Suites vs. Mt. Hawley Insurance Co., Et Al

Case Number
**19-CV-1728**

File Date
**09/12/2019**

Court
**405th District Court**

Case Type
**Contract - Debt - Commercial/Consumer**

Judicial Officer
**Robinson, Jared**

Case Status
**Active**

## Party

Plaintiff
**Kenny Group LLC**

Dgguhvv
**5201 Gulf Freeway**
**La Marque TX 77568**

Active Attorneys ⊕
Ohdg#Dwruqh|
Icruhv/#Pdufr#31#
Retained

Defendant
**MT. HAWLEY INSURANCE CO.**

Dgguhvv
**President, Michael J. Stone 9025 N. Lindbergh Drive**
**9025 N. Lindbergh Drive**
**Peoria IL 61615**

Active Attorneys ⊕
Ohdg#Dwruqh|
Z lqvdnww/#Jrunj#N#
Retained

## Events and Hearings

09/12/2019 Original Petition - OCA ⊕

Plaintiff's Original Petition.pdf

Comment
**Plaintiff's Original Petition**

09/12/2019 OCA Case Information Sheet

CivilCaseInfoSheet.pdf

Comment
**Civil Case Information Sheet**

09/12/2019 Request for Civil Service

Request for Issuance of Service.pdf

Comment
**Issue 1 citataion by C/M. Assigned to RG**

09/13/2019 Status Conference Sheet

Status Conference Sheet

Comment
**Emailed to Attorney**

09/13/2019 Receipt Acknowledge

Receipt Acknowledge

09/13/2019 Citation by Certified Mail Issuance - Work Product

Citation by Certified Mail Issuance - Work Product

Comment
**Issued 1 citation @ $8.00 along with status conference. Mailed by C/M mail/RG**

09/18/2019 Notice of Non Suit - Partial

Notice of Nonsuit with Prejudice.pdf

Comment
**Notice of Nonsuit with Prejudice**

09/18/2019 Proposed Order (unsigned)

Nonsuit Order with Prejudice Kenny Group.pdf

Comment
**Nonsuit Order with Prejudice partial**

09/23/2019 Citation by Certified Mail and Return

Citation by Certified Mail and Return

10/03/2019 Original Answer ⊚

2019 1003 MH's Original Answer and Affirmative Defenses.pdf

Comment
**Defendant's Original Answer and Affirmative Defenses**

## Financial

Kenny Group LLC

| | Wrwdd#Iqdqfldd#Dvvhvvp hqw | | | ’6:91:8 |
| | Wrwdd#Sd|p hqw#dqg#Fuhglw | | | ’6:91:8 |
| | | | | |
| <2452534< | Wudqvdfwlrq# | | | ’6:91:8 |
| | Dvvhvvp hqw | | | |
| <2452534< | Sd|p hqw | Uhfhlsw#& # | Nhqq|# | +’6:91:8, |
| | | 534<0 | Jurxs# | |
| | | 6:64<0GF | OOF | |

## Documents

Plaintiff's Original Petition.pdf

CivilCaseInfoSheet.pdf

Request for Issuance of Service.pdf

Status Conference Sheet

Receipt Acknowledge

Citation by Certified Mail Issuance - Work Product

Notice of Nonsuit with Prejudice.pdf

Nonsuit Order with Prejudice Kenny Group.pdf

Citation by Certified Mail and Return

2019 1003 MH's Original Answer and Affirmative Defenses.pdf

# Exhibit E

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| KENNY GROUP LLC dba AMERICAN BEST VALUE INN & SUITES, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. _____ |
| v. | § § | |
| MT. HAWLEY INSURANCE CO. | § § | |
| Defendant. | § § | |

## LIST OF COUNSEL OF RECORD

**Counsel for Plaintiff**
Marco D. Flores
Texas State Bar No. 24027251
FLORES & PELAEZ-PRADA, PLLC
3522 Paesano's Parkway, Suite 301
San Antonio, TX 78231
(210) 693-1312 (Facsimile)
mflores@stormlex.com

**Counsel for Defendant Mt. Hawley Insurance Company**
GREG K. WINSLETT
State Bar No. 21781900
MICHAEL D. FEILER
State Bar No. 24055475
**QUILLING, SELANDER, LOWNDS,**
**WINSLETT & MOSER, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100
(214) 871-2111 (Fax)
gwinslett@qslwm.com
mfeiler@qslwm.com

# Exhibit F

CAUSE NO. 19-CV-1728

| | | |
|---|---|---|
| **KENNY GROUP LLC dba** | § | **IN THE DISTRICT COURT** |
| **AMERICAN BEST VALUE INN & SUITES** | § | |
|     *Plaintiff,* | § | |
| | § | |
| **VS.** | § | **405TH JUDICIAL DISTRICT** |
| | § | |
| **MT. HAWLEY INSURANCE CO.,** | § | |
| **ENGLE MARTIN & ASSOCIATES,** | § | |
| **and DAVID   ECKENRODE** | § | |
|     *Defendants.* | § | **GALVESTON COUNTY, TEXAS** |

## PLAINTIFF'S NOTICE OF NON-SUIT WITH PREJUDICE OF DEFENDANTS ENGLE MARTIN & ASSOCIATES AND DAVID ECKENRODE

Plaintiff, KENNY GROUP LLC, dba AMERCAN BEST VALUE INNN & SUITES, elects to non-suit their claims with prejudice as to Defendants Engle Martin & Associates, and David Eckenrode, and would respectfully show the Court as follows:

Plaintiff no longer wishes to pursue their claims against Defendants Engle Martin & Associates, and David Eckenrode. Rule 162 provides that "at any time before the Plaintiffs have introduced all of their evidence…, the Plaintiffs may dismiss a case, or take a non-suit, which shall be entered in the minutes. Notice of the dismissal or non-suit shall be served…without necessity of court order." Plaintiff hereby takes a non-suit of each and every claim they have asserted and/or could have asserted against Defendants Engle Martin & Associates, and David Eckenrode and request that such claims be dismissed with prejudice as to the re-filing of same.

Respectfully submitted,

**FLORES & PELAEZ PRADA, PLLC**
3522 Paesano's Pkwy, Ste. 301
San Antonio, TX 78231
210.361.0070 (Telephone)
210.693.1312 (Facsimile)

By:_____
      MARCO D. FLORES
      State Bar No. 24027251

**ATTORNEY FOR PLAINTIFF**
**KENNY GROUP LLC, dba**
**AMERICAN BEST VALUE INN & SUITES**

### CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing has been sent in accordance with the Texas Rules of Civil Procedure, this 18th day of September, 2019 to all parties.

QUILLING, SELANDER, LOWNDS, WINSLETT, & MOSER, P.C.
GREG WINSLETT
MICHAEL FEILER
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
gwinslett@qslwn.com
mfeiler@qslwm.com

**ATTORNEY FOR DEFENDANTS**

By:_____

2

# Exhibit G

# QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C.
A PROFESSIONAL CORPORATION
ATTORNEYS AND COUNSELORS
2001 BRYAN STREET, SUITE 1800
DALLAS, TEXAS 75201

GREG K. WINSLETT
gwinslett@qslwm.com

Phone:  (214) 880-1870
Fax:  (214) 871-2111

August 16, 2019

***Via Email mflores@stormlex.com***
Mr. Marco Flores
Flores & Pelaez Prada, PLLC
3522 Paesano's Pkwy., Suite 301
San Antonio, TX 78231

Re:  Insured:     Kenny Group LLC d/b/a American Best Value Inn & Suites
                         ("Kenny Group")
       Insurer:     Mt. Hawley Insurance Company
       Policy No.:  MCP0165169 (the "Policy")
       Claim:       00444155 (the "Claim")
       Date/Loss:   August 28, 2017
       Place/Loss:  5201 Gulf Freeway, La Marque, TX 77568 (the "Property")

Dear Mr. Flores:

   We represent Mt. Hawley Insurance Company ("Mt. Hawley") in connection with the above-referenced Claim. I am writing in response to your letter of June 21, 2019, in which you assert that your client intends to sue Mt. Hawley for alleged violations of the Texas Insurance Code and other causes of action related to the Claim.

   Mt. Hawley disagrees in the strongest terms possible with your baseless contentions that it or its independent adjuster or other consultants "intentionally ignored" or "failed to address" damage to the Property. To the contrary, upon receiving Kenny Group's first notice of loss, Mt. Hawley hired independent adjuster David Eckenrode of Engle Martin & Associates to inspect the Property and assist with Mt. Hawley's investigation. Mr. Eckenrode immediately contacted Mr. Vitul Patel of Kenny Group to set up an inspection. Mr. Eckenrode inspected the Property with Mr. Patel on September 12, 2017. During that inspection, Mr. Eckenrode identified areas of ponding on the roof, clogged drains, wear and tear, as well as numerous prior repairs that Mr. Patel stated were performed by the insured's staff. He saw no storm damage whatsoever.

   Nonetheless, Mt. Hawley then hired Armando Selva, P.E., an engineer with ProNet Group, to further inspect and assist us in our claim investigation. On September 29, 2017, Mr. Selva met with Mr. Patel, along with the general manager and maintenance staff of the Property to conduct an additional inspection of the roof and interior in order to determine the cause of any interior

[3926108v1]

Mr. Marco Flores
August 16, 2019
Page 2

water intrusion. Mr. Selva observed prior roof repairs, ponding water, and stained and deteriorated areas of the roof, blisters, and corrosion on metal roof joists at multiple locations. Mr. Selva did not, however, find any peeled back or displaced roofing membrane, hail impact damage, or spatter marks.

Relying on Engle Martin's and ProNet's observations and conclusions, on November 14, 2017, Mt. Hawley notified Mr. Patel that no coverage could be extended for the claim. Mt. Hawley heard nothing further from Kenny Group until April 3, 2018, when Mt. Hawley was notified that Pinnacle, Ltd. had been retained as the insured's public adjuster. Mt. Hawley immediately reopened the Claim and hired Engle Martin, who assigned Steven Phillips to act as Mt. Hawley's independent adjuster.

On May 3, 2018, Mr. Phillips reinspected the Property with Jeff McKay of Pinnacle and engineer Peter De la Mora of PE Service.

After the May 3, 2018 reinspection, Mt. Hawley again heard nothing further from Kenny Group or Pinnacle until November 29, 2018, when Pinnacle forwarded PE Service's report to Mr. Hawley. Mt. Hawley immediately asked ProNet to review and evaluate PE Service's observations and conclusions. ProNet concluded that, although PE Service identified some historical hail damage that was not mentioned in ProNet's initial report, and which occurred outside of the Policy period, its initial evaluation of the Property had not changed.

After ProNet's review and analysis of PE Service's report, on February 8, 2019, Mt. Hawley reaffirmed its denial of the Claim and forwarded ProNet's supplemental report to Pinnacle. Thus, despite your unfounded suggestions to the contrary, Mt. Hawley's handling of this Claim was timely, comprehensive, and appropriate.

Lastly, your unsupported allegations are directed not only at Mt. Hawley, but also the adjusters and engineers involved. As explained above, Mt. Hawley retained both Engle Martin & Associates and ProNet Group to assist in the inspection and evaluation of the alleged damage to your client's Property. The Texas Insurance Code provides that Mt. Hawley may elect to accept the liability of any agent by providing written notice to the claimant under section 542A.006. This section of the statute allows an insurance company to protect its agents or employees from being wrongfully sued by electing to accept liability for their actions. While Mt. Hawley is absolutely convinced that it, Engle Martin & Associates, ProNet Group, and the respective employees of each, did absolutely nothing wrong, the only way to ensure they cannot be sued for performing their jobs is to accept any liability on their behalf. Pursuant to section 542A.006(b), Mt. Hawley therefore elects to accept any liability for any alleged acts or omissions relating to this Claim by its employees, as well as Mr. David Eckenrode, Mr. Steven Phillips, Engle Martin & Associates, Armando Selva, and ProNet Group.

Please understand that the above recitation of Policy provisions, exclusions, limitations and conditions is based upon Mt. Hawley's current understanding of the facts and circumstances pertaining to this Claim. There may be other facts and circumstances that Mt. Hawley is not currently aware of that could render additional Policy provisions, exclusions, limitations or conditions applicable to this Claim. Thus, this letter does not, nor is it intended to, waive or relinquish any rights or defenses Mt. Hawley may have or that may exist under the terms of the

[3926108v1]

Mr. Marco Flores
August 16, 2019
Page 3

Policy issued to your client or under any applicable statutory or common law. Mt. Hawley
specifically and fully reserves all such rights.

Sincerely,

Greg K. Winslett

GKW/sf
cc: Michael Feiler/firm

[3926108v1]